UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICK BOYLE and NANCY BOYLE, )<br>        Plaintiffs, )<br> ) <br>   v. ) <br> ) <br>MEDTRONIC USA, INC., MEDTRONIC ) <br>INTEGRATED HEALTH SOLUTIONS, ) <br>LLC, and STEPHEN MARCHINO, ) <br>        Defendants. ) | CAUSE NO.: 2:20-CV-181-JTM-JPK |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Defendants Medtronic USA, Inc., Medtronic Integrated Health Solutions, LLC, and Stephen Marchino invoked the Court's subject matter jurisdiction by filing a Notice of Removal (ECF No. 1) alleging diversity jurisdiction under 28 U.S.C. § 1332. As the parties seeking federal jurisdiction, Defendants have the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the following reasons, the jurisdictional allegations in Defendant's Notice of Removal are insufficient and require supplementation.

For the Court to have diversity jurisdiction, no Defendant may be a citizen of the same state as any Plaintiff, and the amount in controversy must exceed $75,000. For present purposes, Defendants have alleged a sufficient amount in controversy, and sufficiently alleged that Plaintiffs Patrick and Nancy Boyle are both citizens of Indiana, and that Defendant Medtronic USA, Inc. is a citizen of Minnesota. (ECF No. 1, ¶¶ 11-13, 25-34). Additionally, while Plaintiffs' state court

Complaint alleges that Defendant Stephen Marchino is a citizen of Indiana (and therefore a citizen of the same state as Plaintiffs), Defendants' Notice of Removal contends that "Stephen Marchino's Indiana citizenship may be disregarded for purposes of determining whether complete diversity exists" because he was "fraudulently joined." (*Id*. at ¶¶ 17-24). Although this potential dispute may pose a barrier to the Court's jurisdiction, this Order does not address that issue. Rather, this Order focuses on Defendants' allegations regarding the citizenship of Defendant Medtronic Integrated Health Solutions, LLC ("MIHS"). Because those allegations are insufficient to determine the citizenship of that entity, the Court is currently unable to determine whether diversity of citizenship would exist in this case wholly apart from the joinder of Defendant Marchino.

Defendants' Notice of Removal states: "MIHS is, and has been at all relevant times, a limited liability company organized and existing under the laws of the state of Minnesota with its principal place of business in Minneapolis, Minnesota. Accordingly, MIHS is a citizen of Minnesota." (ECF No. 1, ¶ 14 (citing 28 U.S.C. § 1332(c)(1)). But as Defendants' Notice of Removal also states (and Minnesota's Online Business Filings website confirms), MIHS is a limited liability company (ECF No. 1, ¶ 14), not a corporation whose citizenship is determined under § 1332(c)(1). "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Thus, the "name and citizenship" of each member of a limited liability company "must be identified to determine diversity jurisdiction." *See Smith v. Dodson*, No. 2:17-CV-372, 2019 WL 2526328, at *1 (N.D. Ind. June 19, 2019) (citing *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996)); *see also West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020) ("only the partners' or members' citizenships matter," and "their identities must be revealed") (citing *Guar. Nat'l Title*, 101 F.3d at 59).

2

Moreover, citizenship must be "traced through multiple levels" for members or partners who in turn have members or partners. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004) (an LLC's citizenship must be "traced through multiple levels if any of its members is itself a partnership or LLC"); *Thomas*, 487 F.3d at 534 (jurisdictional statement for LLC "must identify the citizenship of each of its members . . . and, if those members have members, the citizenship of those members as well"). And all such allegations must state the citizenship of each such member or partner at the time the state court Complaint and Notice of Removal were filed. *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016); *Thomas*, 487 F.3d at 533-34. Defendants must therefore identify all members of Defendant Medtronic Integrated Health Solutions, LLC, and properly allege the citizenship of each such member. If any member of that entity is a natural person, Defendants must allege his or her citizenship based on their domicile at the time the state court Complaint and Notice of Removal were filed. *See Altom*, 823 F.3d at 420. And if any member in turn has members (such as a limited liability company or a partnership), Defendants must identify all of its members and their citizenship when the Complaint and Notice of Removal were filed. *Id.*; *Thomas*, 487 F.3d at 534; *Mut. Assignment & Indem.*, 364 F.3d at 861.

Given the importance of determining the Court's jurisdiction to hear this case, Defendants must properly allege the citizenship of Defendant Medtronic Integrated Health Solutions, LLC as stated above. The Court therefore **ORDERS** Defendants to **FILE**, on or before **May 22, 2020**, a supplemental jurisdictional statement that properly alleges the citizenship of that Defendant.

So ORDERED this 8th day of May, 2020.

                                            s/ Joshua P. Kolar
                                            MAGISTRATE JUDGE JOSHUA P. KOLAR
                                            UNITED STATES DISTRICT COURT