UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICK BOYLE and NANCY BOYLE, | ) <br> ) <br> ) |
| Plaintiffs, | ) <br> ) |
| v. | ) No. 2:20 CV 181 <br> ) |
| MEDTRONIC USA, INC., MEDTRONIC INTEGRATED HEALTH SOLUTIONS, LLC, and STEPHEN MARCHINO, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

**OPINION and ORDER**

**I.     BACKGROUND**

This case stems from an allegedly defective pacemaker implant system ("the implant"), which was surgically inserted into plaintiff Patrick Boyle. According to Patrick and his wife, Nancy Boyle, Patrick suffered permanent and disabling injuries and stroke as a direct result of the failure of and/or defective nature of the implant. (DE # 7.) Plaintiffs sued Medtronic USA, Inc., Medtronic Integrated Health Solutions, LLC, and the sales representative for the relevant geographic region, Stephen Marchino, in Lake Superior Court. (DE # 7.)

Defendants removed this case from Lake Superior Court to this federal district court, claiming that defendant Marchino, the sales representative, was fraudulently joined as a defendant, and therefore may be ignored in determining the existence of diversity jurisdiction. (DE # 1.) Plaintiffs have now moved to remand the case back to state court, arguing that Marchino was properly named as a defendant and that

diversity of citizenship does not exist, as both Marchino and plaintiffs are Indiana residents. (DE # 21.) The motion is briefed and ready for ruling.

## II.   LEGAL STANDARD

The present motion to remand turns on whether defendants can establish the fraudulent joinder of defendant Marchino. "The burden of showing fraudulent joinder is one of the heaviest burdens known to civil law." *Strange v. Crum Constr., LLC,* No. IP-01-0789-C H/G, 2001 WL 1160952, at *1 (S.D. Ind. Aug. 28, 2001). "The defendant must show that, after resolving all issues of fact *and* law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.* In other words, "the issue is whether there is any reasonable possibility that a state court might rule against [the non-diverse defendant] on even one theory, when all fairly disputable issues of both fact and law are resolved in plaintiffs' favor." *Strange,* 2001 WL 1160952 (citing *Poulos,* 959 F.2d at 73).

## III.   DISCUSSION

In this case, defendants argue that there is no reasonable possibility that Marchino, a medical device sales representative, could be found liable in this case. According to defendants, Marchino took no part in manufacturing or selling the device, as would be required for him to be liable under Indiana products liability law.

However, federal district courts in Indiana interpreting the relevant portions of Indiana's products liability statute have come to the opposite conclusion with respect to medical device sales representatives. In *McDaniel v. Synthes, Inc.*, No. 2:07-CV-245-RM, 2007 WL 322186 (N.D. Ind. Oct. 29, 2007) (Miller, J.), the court considered whether a sales consultant could be liable for his involvement related to an allegedly defective orthopaedic implant. The defendants in that case argued that the sales consultant was fraudulently joined for the sole purpose of defeating diversity jurisdiction. The plaintiff argued that Indiana law permitted a potential suit against the sales consultant, as he could be considered a "manufacturer" under the relevant Indiana products liability statute.

The court agreed with the plaintiff, explaining that the Indiana General Assembly defined "manufacturer" as "a person or entity who designs, assembles, fabricates, produces, constructs, or otherwise prepares a product or component part of a product before sale." Ind. Code § 34-6-2-77(a). This definition includes a non-manufacturing seller with "actual knowledge of a defect in a product." *Id.* The *McDaniel* court concluded that "[the sales consultant] wasn't involved in the production of the condular plate at issue, but [the plaintiffs] allege he knew or should have known that plate was defective based on his sales experience. . . . [C]onstruing the facts in the light most favorable to [the plaintiffs], there is a reasonable possibility that [the sales consultant] had actual knowledge of the plate's defect" such that he could be a "manufacturer" under the Indiana statute. *Id.*

Similarly, in *Gibbs v. I-Flow, Inc.*, No. 1:08-cv-708-WTL-TAB, 2009 WL 482285 (S.D. Ind. Feb. 24, 2009) (Lawrence, J.), another fraudulent joinder case, the court found that a sales representative could be liable under the Indiana products liability statute for injuries allegedly caused by a defective pain pump. The plaintiff in *Gibbs* alleged that the sales representative sold the pain pump to the plaintiff's physician. The court consulted the state statute, concluding that, like the sales consultant in *McDaniel*, the sales representative could satisfy the definition of "manufacturer" based on the allegation that she was aware of the problems associated with the pump. The court further stated that, in the same statute, the Indiana General Assembly defined "seller" as "a person who engaged in the business of selling or leasing a product for resale, use, or consumption." Ind. Code § 34-6-2-136. Though the term "engaged" is not defined in the statute, the *Gibbs* court concluded that under the plain meaning of the word, the sales representative could also qualify as a "seller" because she was employed to promote and sell pain pumps. Based on the foregoing, the *Gibbs* court concluded that the sales representative was not fraudulently joined. *Id.*

This court finds *McDaniel* and *Gibbs* to be both persuasive precedents interpreting Indiana state law, as well as proper points of comparison to the case at hand. The Indiana General Assembly defined the term "manufacturer" to include one who "has actual knowledge of a defect in a product." Ind. Code § 34-6-2-77(a)(1). Plaintiff has alleged that Marchino knew or should have known of a defect in the device implanted into Patrick. Therefore, Marchino might qualify as a "manufacturer" under the Indiana products liability statute. Further, under Indiana law, a "seller" is "a person

4

who engaged in the business of selling or leasing a product for resale, use, or consumption." Ind. Code § 34-6-2-136. Therefore, Marchino might qualify as a "seller" under the products liability statute, because plaintiffs have alleged that, as a sales representative, he was employed to promote and sell the medical device at issue in this case. And even if it were a close call as to whether Marchino could be sued under the Indiana products liability statute, the issue would be resolved in plaintiffs' favor. *Poulos*, 959 F.2d at 73 (fairly disputable issues of both fact *and* law must be resolved in plaintiff's favor).

Defendants argue that *McDaniel* is not comparable, because in that case, the sales consultant was present at the time the device was implanted into the plaintiff, and there is no indication Marchino was present for Patrick's implantation. It is true that the *McDaniel* court found that fact persuasive; however, that was not the only fact that the *McDaniel* court considered. The *McDaniel* court held that "[the plaintiff's] claims are based on [the sales consultant's] alleged knowledge of purported dangers, his individual wrongdoing, and his physical presence during [the plaintiff's] surgery. As such, [plaintiffs] may establish a cause of action against [the sales consultant] in state court." *McDaniel,* 2007 WL 3232186, at *3. In this case, the plaintiffs' claims are based on Marchino's alleged knowledge of the purported dangers and his individual wrongdoing. This court declines to hold that a sales representative must be physically present during implantation of an allegedly defective device in order to be held liable under Indiana products liability law.

Finally, the court addresses defendants' general and repeated argument that the complaint's allegations are not specific or detailed enough regarding Marchino. This argument is baseless. Despite defendants' arguments to the contrary, the complaint alleges: "Defendants sold and/or placed into the stream of commerce the implant, the device that injured PATRICK, and each was in the business of selling devices of this type through Community Hospital and others. . . . When the implant was implanted in PATRICK, Defendants knew or should have known that the Implant was defective in design, testing, approval and manufacture and failed to properly warn of the same and the fact that this Implant was prone to fail." (DE # 7 at 4.) These allegations, interpreted in a light most favorable to plaintiffs, are sufficiently detailed to allow this court to conclude that a reasonable probability exists that Indiana products liability law, interpreted in a light most favorable to plaintiffs, would permit suit against Marchino. *See Poulos*, 959 F.2d at 73.

## IV.   CONCLUSION

Because defendants have not met their extremely high burden of establishing that defendant Marchino was fraudulently joined in this case, the court must conclude that complete diversity is lacking in this case, and remand to Lake Superior Court is necessary. Accordingly, plaintiffs' motion for remand (DE # 21) is **GRANTED**.

                                                **SO ORDERED.**

Date: March 24, 2021

                                     s/James T. Moody
                                     JUDGE JAMES T. MOODY
                                     UNITED STATES DISTRICT COURT